# SYLLABI
## Cases Decided by Supreme Court

### No. 423

No. 19998—The State, ex rel Wm. F. Hess, Auditor of Hamilton Co., v. R. Cliff Smith.

No. 19999—Ex Parte R. Cliff Smith, Cashier, Citizens Nat'l. Bank and Trust Co.

Error to the Court of Appeals of Hamilton county.

1159. TAXES & ASSESSMENTS — Secs. 5401 and 5624-13 GC. are in pari materia and should be so construed.

126. BANKS & BANKING—The cashier of a bank is immune from punishment, as for contempt, because of his refusal to produce the bank records under his control, or to give testimony as to what such records show as to the state of the account of one of its depositors.

JONES, J.

1. Section 5401 and Section 5624-13, General Code, are in pari materia and should be so construed. The former can be harmonized with the latter and each of them given effect by the withdrawal of banking and financial institutions from the procedure authorized by Section 5401, General Code.

2. Section 5624-13, General Code, (107 O. L. 44), the later act, provides that nothing in the act of which it is a part, shall be so construed as to authorize a county auditor "to examine the accounts or records of any banking" institution. Under the provisions of that section, the cashier of a bank is immune from punishment, as for contempt, because of his refusal to produce the bank records under his control, or to give testimony as to what such records show relating to the state of the account of one of its depositors.

Judgment affirmed.

Day, Kinkade and Matthias, JJ., concur.

### No. 424

No. 20457—State of Ohio ex rel. John D. Ellis, Solicitor of City of Cincinnati, etc., v. Louis B. Blakemore, Clerk of Council of City of Cincinnati, et al.

In Mandamus.

801. MUNICIPAL LAW—Where ordinance has reeeived enough votes to enact it as by the record, although it is there erroneously stated that such ordinance failed of passage, it is duty of officer to authenticate and record the same, which may be enforced by mandamus.

323. COUNTY COMMISSIONERS—Secs. 2421, 6949 and 7557 GC. authorizes county commissioners to construct bridge as part of road improvement and same may be in municipality upon the consent of council; and where the city is to bear none of the expense a majority vote of council is all that is required.

1104. STATUTES—Neither the charter of Cincinnati nor the provisions of Sec. 4366-2 GC. relative to powers of city planning commission have application to the erection of a bridge or an inter-county on a main market road.

MATTHIAS, J.

1. Where a municipal ordinance has received sufficient votes of council to duly enact same, and that fact is evidenced by the record of the proceedings of the council, although it is there erroneously stated that such ordinance failed of passage, it is the duty of the presiding officer and clerk of the council to authenticate and of the latter to record the same which may be enforced by writ of mandamus.

2. A board of county commissioners is authorized by the provisions of Sections 2421, 6949 and 7557 General Code, to construct a bridge or viaduct as a part of a road improvement into, within or through a municipality in such county upon the consent of the council thereof, and where no part of the expense of such improvement is assumed by the municipality such requirement of consent is fully met by the affirmative vote of a majority of the duly elected members of the council for the passage of an ordinance granting such consent.

3. Neither the provisions of the charter of the city of Cincinnati nor the provisions of Section 4366-2, General Code, relative to the powers of a city planning commission have any application to the erection of a bridge or viaduct on an inter-county or main market road.

Writ allowed.

Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 425

No. 20345—Edward Anderson v. Thomas Littleton Gibson. Error to the Court of Appeals of Hamilton county.

1271. WILLS—1. Meaning of intention is the cardinal rule of interpretation of a will.

2. Where words and phrases employed in a holographic will have a well understood common meaning if, after consideration of all matters the conclusion is that they were employed in their ordinary acceptation, they should be so interpreted although they also have a technical legal meaning.

MARSHALL, C. J.

1. The cardinal rule of interpretation of a will is to ascertain the meaning and intention of the testator.

2. Where words and phrases employed in a holographic will have a well understood meaning in common parlance, the property of the testator, the extrinsic circumstances surrounding the execution of the will, and the relation of the testator to the objects of his bonuty, should be considered in connection with the instrument itself, and if such considerations lead to the conclusion that the testator employed such words and phrases in their ordinary acceptation, they should be so interpreted, even though such words and phrases have a different technical legal meaning.

Judgment reversed.

Day, Allen, Kinkade, Jones and Matthias, JJ., concur.